**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 111483

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEWAL MALHOTRA and MATTHEW BAKER,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

KEWAL MALHOTRA and MATTHEW BAKER (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against UNITED COLLECTION BUREAU, INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiffs are individuals who are citizens of the State of New York.

6. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant's principal place of business is located in Toledo, Ohio.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiffs owe a debt ("the debts").

11. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

12. The debts were incurred on credit cards.

13. The credit cards accrued interest.

14. The credit cards accrued late fees.

15. Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

16. Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

17. In its efforts to collect Plaintiff MALHOTRA's alleged debt, Defendant contacted Plaintiff MALHOTRA by letter dated March 31, 2016. ("Exhibit 1.")

18. In its efforts to collect Plaintiff BAKER's alleged debt, Defendant contacted Plaintiff BAKER by letter dated September 30, 2015. ("Exhibit 1.")

19. The letters were the initial communication to each Plaintiff received from Defendant concerning the debts.

20. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g and § 1692e**
**Failure to Adequately Convey the Amount of the Debt**
**AS TO BOTH PLAINTIFFS**

21. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

22. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

23. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

24. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

25. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

27. The letters set forth a "Current Account Balance."

28. The letters do not disclose whether the stated "Current Account Balance" may increase due to additional interest.

29. The letters do not disclose whether the stated "Current Account Balance" may increase due to additional late fees.

30. The letters do not include any "safe harbor" language concerning the accrual of interest and/or fees.

31. The letters are deceptive and/or misleading under 15 U.S.C. § 1692e because they can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

32. The letters can reasonably be read by the least sophisticated consumer to mean that the "Current Account Balance" was static.

33. The letters can also reasonably be read by the least sophisticated consumer to mean that the stated "Current Account Balance" was subject to further interest and/or fees after

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

the date of the letter.

34. The letters can also reasonably be read by the least sophisticated consumer to mean that the stated "Current Account Balance" was accurate only on the date of the letter.

35. The letters, especially the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt.

36. The letters, especially the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest would continue to accrue.

37. The letters, especially the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether late fees would continue to accrue.

38. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debts.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692e and § 1692f
### False or Misleading Representations
### AS TO BOTH PLAINTIFFS

39. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

40. The letters state "Total amount of non-interest charges accrued since charge-off."

41. The letters also state "Total amount of non-interest fees accrued since charge-off."

42. Although the "Total amount of non-interest charges accrued since charge-off" and "Total amount of non-interest fees accrued since charge-off" are listed as "$0.00," the letters imply that there could be non-interest charges and/or non-interest fees added to the debts in the future.

43. The letters falsely imply that Defendant has the right to add non-interest charges and non-interest fees to the debt.

44. The letters threaten to collect a fee.

45. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

46. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

agreement creating the debt or permitted by law.

47. Defendant's conduct, as described, is prohibited by 15 U.S.C. § 1692f(1).

48. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

49. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

50. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

51. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

52. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

53. The least sophisticated consumer would likely be deceived into believing that Defendant is legally entitled to add non-interest charges and/or non-interest fees to the debt.

54. Defendant has no legal basis to add non-interest charges and/or non-interest fees to the debt.

55. Defendant's conduct, as described, violates § 1692e and § 1692f.

## JURY DEMAND

56. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

    a. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff MALHOTRA pursuant to 15 U.S.C. § 1692k; and

    b. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff BAKER pursuant to 15 U.S.C. § 1692k; and

    c. Plaintiffs' actual damages; and

    c. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d. Plaintiffs' costs; all together with

    e. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: September 19, 2016

                                      **BARSHAY SANDERS, PLLC**

                                      By:  _/s/ Craig B. Sanders_____
                                      BARSHAY SANDERS, PLLC
                                      100 Garden City Plaza, Suite 500
                                      Garden City, New York 11530
                                      Tel: (516) 203-7600
                                      Fax: (516) 706-5055
                                      csanders@barshaysanders.com
                                      *Attorneys for Plaintiffs*
                                      Our File No.: 111483